IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHEN JONATHAN MILLER, | ) | |
| AIS #271874, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-476-TMH |
| | ) | [WO] |
| | ) | |
| KIM TOBIAS THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Stephen Jonathan Miller ["Miller"], a state inmate currently incarcerated at the Draper Correctional Facility ["Draper"]. In this complaint, Miller challenges actions of correctional officials with respect to his classification as a restricted offender. Miller names Kim Thomas, Commissioner of the Alabama Department of Corrections, Louis Boyd, the warden of Draper, Phillis Billups, a classification officer at Draper, Jeffrey Williams and Kathy Holt, state classification officials, as defendants in this cause of action. He seeks monetary damages and requests that the court order the defendants to remove him from restricted offender status. Pl.'s Compl. (Doc. No. 1) at 4.

Upon review of the complaint, as amended, the court concludes that dismissal of this

case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II. DISCUSSION

1. <u>Equal Protection</u>.  Miller asserts the defendants have denied him equal protection because they removed other inmates with similar convictions from restricted offender status while his requests for such favorable treatment have been denied.  Pl.'s Compl. (Doc. No. 1) at 3 ("These defendants [have] . . . discrimination against the plaintiff by not removing the 'R' from his prison file because . . . the plaintiff has requested to these defendants to remove the 'R' the same treatment as the other inmates with . . . similarly charge offenses as the plaintiff."); Pl.'s Am. Compl. (Doc. No. 10) at 1 (The plaintiff's requests that defendants "remove the 'R' from his prison file" have been refused whereas another inmate with a similar offense received "more favor[able] treatment [which constitutes] a equal protection violation. . . .").  This claim entitles Miller to no relief.

In order to present a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other

---

[1] In accordance with the provisions of 28 U.S.C. § 1915(b)(1), the court required payment of an initial partial filing fee and thereafter payment of the remainder of the filing fee from funds which become available to Miller, and, with exception of payment of the filing fee, granted Miller leave to proceed *in forma pauperis* in this cause of action.  Order of June 22, 2011 (Doc. No. 3).  Thus, the complaint is subject to screening under the provisions of 28 U.S.C. § 1915(e)(2)(B), which directs this court to dismiss the instant civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . [An allegation] of . . . discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where the plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Co. v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment or even arbitrary administration of state power are insufficient to establish discrimination violative of equal protection).

Miller utterly and completely fails to meet his pleading burden as he does not allege the defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation.  Specifically, as the sole basis for his equal protection claim, Miller relies exclusively on the fact that he remains a restricted offender while other inmates convicted of similar offenses have been removed from restricted offender status.  The mere differential treatment about which Miller complains does not implicate a violation of the Equal Protection Clause.  *Sweet*, 467 F.3d at 1319; *E & T Realty*, 830 F.2d at 1114-15; *Horner v. Kentucky High Sch. Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994).  Consequently, the equal protection claim set forth by Miller is subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. <u>Due Process</u>.  To the extent Miller complains the classification level assigned to him while at Draper is improper as he meets the eligibility criteria for a lesser level, he is likewise entitled to no relief.  An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Because Miller has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process.  Thus, any claim challenging the process

4

provided Miller with respect to the decision to classify him as a restricted offender is frivolous and due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that **on or before October 6, 2011** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as

binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 22nd day of September, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE